NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0175n.06

No. 21-3760

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

<table>
<tr><td>CENTERPOINT CLAIMS SERVICE, INC.,</td><td>)</td><td></td></tr>
<tr><td>Plaintiff-Appellant,</td><td>)</td><td></td></tr>
<tr><td>v.</td><td>)<br>)</td><td>ON APPEAL FROM THE<br>UNITED STATES DISTRICT<br>COURT FOR THE SOUTHERN<br>DISTRICT OF OHIO</td></tr>
<tr><td>NATIONWIDE MUTUAL INSURANCE CO.,</td><td>)</td><td></td></tr>
<tr><td>Defendant-Appellee.</td><td>)<br>)</td><td></td></tr>
</table>

**FILED**
Apr 27, 2022
DEBORAH S. HUNT, Clerk

Before: KETHLEDGE, STRANCH, and NALBANDIAN, Circuit Judges.

KETHLEDGE, Circuit Judge. CenterPoint Claims Service, Inc., alleges that Nationwide Mutual Insurance Company had a contractual duty to assign CenterPoint a "fair amount" of insurance claims. The district court granted Nationwide's motion to dismiss, holding that Nationwide had no such duty. We affirm.

CenterPoint is a Florida-based independent claims adjuster. CenterPoint works with insurers to assess policyholders' claims, typically when natural disasters leave insurers short-staffed. Nationwide is an insurer headquartered in Columbus, Ohio.

Deborah Wolfenbarger owns and operates CenterPoint. A Nationwide employee encouraged CenterPoint to obtain certification that the firm is a "women-owned business enterprise," and CenterPoint did so. Then, CenterPoint and Nationwide entered into a Master Services Agreement. The Agreement stated:

> It is [Nationwide's] policy to provide the maximum practical opportunity to minority-owned and women-owned business enterprises . . . to compete fairly as suppliers, contractors and subcontractors in [Nationwide's] business activities, taking into account both price and quality.

Nationwide designated CenterPoint a "tier-one" independent claims adjuster, which made CenterPoint the only "women-owned" firm in that category. Elsewhere in the Agreement, Nationwide reserved the right to "purchase the same or similar work from third parties."

Nationwide assigned CenterPoint fewer claims than CenterPoint had hoped—between 200 and 1,500 claims per year. Nationwide ended the parties' business relationship in January 2020. CenterPoint thereafter sued Nationwide for breach of contract, citing the "opportunity to compete" clause quoted above. The district court dismissed CenterPoint's complaint for failure to state a claim. We review that decision de novo. *See Biegas v. Quickway Carriers, Inc.*, 573 F.3d 365, 377 (6th Cir. 2009).

The parties agree that Ohio law governs this suit. Ohio courts interpret written contract terms according to their plain and ordinary meaning. *See Westfield Ins. Co. v. Galatis*, 797 N.E.2d 1256, 1261 (Ohio 2003).

CenterPoint argues that the Agreement imposed upon Nationwide a duty to assign CenterPoint a "fair amount" of claims to adjust. What the Agreement actually said, however, is that Nationwide would provide CenterPoint the "maximum practical opportunity . . . to compete fairly" as a contractor in Nationwide's business, "taking into account both price and quality." That provision did not require Nationwide to assign CenterPoint the "maximum possible" or a "fair amount" of claims. Indeed, Nationwide said it would consider price and quality when it assigned claims and reserved the right to use other firms. The provision that CenterPoint cites here is nearly if not actually hortatory; what CenterPoint would have the courts enforce is merely its own gloss.

CenterPoint failed to state a breach of contract claim.  The district court was therefore correct to grant the motion to dismiss.

The district court's judgment is affirmed.